Haems, J.,
delivered. the opinion of the Court.
This is an action commenced before a justice of the peace, for the conversion of some hogs, in which the plaintiff recovered, and the defendant appealed to the *43 Circuit Court of Campbell county, where, at the May Term, 1852, there was a verdict for the plaintiff, which, upon cause shown, was set aside by the Court, and a new trial granted.
At the June Term, 1855, of said Court, another verdict was rendered in favor of the plaintiff, upon which the Court entered judgment. A motion for a new trial was entered and overruled by the Court, to reverse which an appeal in error is prosecuted.
At the January Term, 1854, a rule was made upon the plaintiff, to give other security for the prosecution of the suit on or before the second day of the next term, or the same would be dismissed.
And on the third day of the next term, the plaintiff having failed to give the security, the rtde was made absolute, and the suit dismissed.
On the fifth day of the same term, the plaintiff moved the Court to set aside the order dismissing his suit, and permit him then to give the security in discharge of the rale; and in support of this application, he filed his affidavit, stating, that the rule had been made upon him several days after the cause had been, continued at the last term, and after he had gone home. , “ He did not know that he was bound to give other security, as, when he mentioned this matter on yesterday to his counsel, he was told that it was agreed that the cause was continued, and that he was taken by surprise by said motion.”
In opposition to said motion, defendant filed the counter affidavits of himself and John Kincaid, (who had indemnified defendant,) denying that they had agreed to the continuance. The Court sustained the *44 motion, received the security, discharged the rule, and reinstated the cause on the docket: to which the defendant excepted, and now insists it is error. To this assumption we cannot assent. This was a matter that addressed itself to the sound discretion of the Court, and we think it was very properly exercised. The policy of the law is, to give every man an opportunity to investigate his rights — to entitle to him to which, he is required to secure the costs, or to bring himself within the provisions of the act passed for the benefit of poor persons. Where the security is offered at any time during the term at which the suit is oi’dered to be dismissed, it would be a proper exercise of discretion to receive it. It might be a more grave question, if it would not be such error, for which this Court would reverse, to refuse it.
What policy is subverted, or how far does it contribute to the attainment of justice — the great object and end of the law — to permit a party to institute his suit, and incur all the expense necessary for a trial, and then turn him out of Court, saddled with all the costs, just because he did not know, or, in some cases, might not be able at the moment to give the security, but afterwards, at the same term, offers unquestionable security in discharge of the rule ? A policy fraught with such injustice, unless there is culpable negligence, cannot receive the countenance of the Court.
The next objection relied upon is, that a witness stated “ that he once went to Nancy Swoop’s to buy the hogs. She refused to sell them, and said they W'cre the plaintiff’s. The hogs were there at the time, near the house.” This testimony was objected to by the *45 defendant, but was permitted by the Court to go to the jury.
We think this testimony Avas competent and proper. The proof shows that the hogs had been raised by a third person, from whom plaintiff purchased them, on the place where Nancy Swoop lived; that they had been twice carried, after the purchase, to the plantation of the plaintiff, and had run back there; that .he had furnished corn and employed her to feed them; and, while thus in her possession, they were levied upon and sold as her property by the defendant, as constable.
This declaration, having been made by her while the hogs were in .her possession, and before the levy, was a mere verbal act in relation to, and showing the character of, that possession — was a part - of the res-gestee—and explains the reason she would not sell.— 2 Phil. Ev., 193. The defendant claims under Nancy Swoop, is substituted to her rights, and is, in privity of estate, Avith her; and, standing in this attitude, he is bound by any declaration she made while in possession, and before the levy.—1 Greenleaf Ev., §§ 189, 190, 191. The only remaining question presented by the record is, that, although the plaintiff forbid the sale, and claimed the property, yet, when he discovered the defendant would sell, he procured one Kincaid to purchase the property, and Avas interested with him in the purchase. This he might well do, and it will neither justify the wrong act of the defendant, nor mitigate the damages, the measure of which was the value of the property at the time it was taken by the defendant.
*46 There was no error in the rulings of the Court; the charge was coiTect, and the Court did not err in refusing to set aside the verdict and grant a new trial. Therefore, we - affirm the judgment.